UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
F.M., A Minor, By Her Mother and Natural Guardian     Docket No.:1:23-cv-07357
Teiana Morales, and Teiana Morales Individually,

*Plaintiff*,

**COMPLAINT**

   -against-

**JURY TRIAL
DEMANDED**

United States of America, The Childrens Hospital at
Montefiore, Henkind Eye Institute, Sunju Park, M.D.,
Cheng C. Zhand, M.D., and Diana King, M.D.,

*Defendants*.

------------------------------------------------------------------------X

Plaintiffs, **F.M.** and **Teiana Morales**, complaining of Defendants, by **Merson Law**,

**PLLC**, respectfully alleges:

**JURISDICTION**

1.  This action, in part, arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b) 2671-
    2680.  This Court is vested with jurisdiction pursuant to 28 U.S.C. 1346(b).  Jurisdiction is
    appropriate in this Court insofar as a Federal Question is presented under the Federal Tort
    Claims Act.

2.  If the defendant **United States of America** were a private individual, based on the facts
    alleged herein, it would be liable to the plaintiffs in accordance with the laws of the State
    of New York.

3.  The claim set forth herein was presented to the United States Department of Health and
    Human Services on or about May 5, 2022, by mailing a standard Form 45, as required by
    28 C.F.R. 14.2 for damages in amount of $25,000,000.00.

4. On or about June 30, 2022, Defendant **United States of America** by Soulichith Lunammachack, paralegal specialist, Claims Office, Department of Health and Human Services, Office of General Counsel acknowledged the receipt of the administrative tort claim, which was received on May 17, 2022, for consideration and reply. On or about March 22, 2023, Defendant **United States of America**, by Jennifer B. Smith, Deputy Associate General Counsel, Claims and Employment Law Branch for the Department of Health and Human Services, Office of the General Counsel, denied Plaintiff's claim pursuant to 28 U.S.C. 2675(a). Six months has not elapsed since the denial of plaintiff's claim and all prerequisites for commencement of an action against defendant **United States of America** have been complied with and completed.  Therefore, this action is timely.

5. Jurisdiction exists in this Court pursuant to 28 U.S.C. 1331, as this action arises under the Constitution, laws and treaties of the United States, including the Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268, and the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, codified as amended at 42 U.S.C. 201 et. seq.

6. As stated in 42 U.S.C. 233(g)(1)(A), at all times herein mentioned, the Federal Tort Claims Act is the exclusive remedy for injuries caused by all agents, servants and/or employees of Defendant **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, and/or **Peninsula Community Health Center**. At all times herein mentioned, said facility funded and/or operated by the Defendant **United States of America** employed physicians, nurses, midwives, interns, residents, physicians' assistants, student nurses, and other personnel over which it exercised control and supervision, with the right to employ and discharge such employees.

7. The venue of this action is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district and are premised upon the fact that the transactions and occurrences that form the basis of plaintiff's complaint took place in the County of Bronx, in the Southern District of the State of New York, as well as the fact that Defendant **Urban Health Plan, Inc.**, and **Children's Hospital at Montefiore** are located in the Southern District in the State of New York.

8. This Court is also vested with jurisdiction pursuant to 28 U.S.C. § 1332, as the Plaintiffs are residents of the State of New York and Defendants are residents of the State of New York and the amount in controversy is in excess of $75,000.00.

## **PARTIES**

9. Plaintiff **F.M.** by her mother and natural guardian Plaintiff **Teiana Morales** reside at 1815 Story Avenue, Bronx, New York 10473-3810.

10. At all times herein mentioned, Defendant **Urban Health Plan, Inc.**, was a domestic corporation, organized and existing pursuant to the laws of State of New York.

11. At all times herein mentioned, Defendant **United States of America**, controlled, funded, managed, operated and/or owned a health care facility known as **Urban Health Plan, Inc.**, located at 1065 Southern Blvd, Bronx New York 10459-2417, as well as other facilities. At all times herein mentioned, said facility funded and/or operated by the Defendant employed physicians, nurses, midwives, interns, residents, physicians' assistants, student nurses and other personnel over which it exercised control and supervision, with the right to employ and discharge such employees.

12. At all times herein mentioned, Defendant **Urban Health Plan, Inc.,** was a federal clinic, funded by the Department of Health and Human Services, an agency of the Defendant **United States of America**, and was within its mandate and authority.

13. At all times herein, Plaintiff **F.M.** was a patient of Defendant **Urban Health Plan, Inc.**

14. It was the duty of Defendant **United States of America**, to reasonably care for, treat and supervise its patients, including the Plaintiff **F.M.** herein, who sought treatment at or by Defendant **Urban Health Plan, Inc.**,

15. At all times herein mentioned, Defendant **Urban Health Plan, Inc.,** was a non-profit private entity receiving federal funds under section 330 of the Public Health Service Act (42 U.S.C. 254b(e)).

16. At all times herein mentioned, Defendant **Urban Health Plan, Inc.,** and its employees were deemed eligible for Federal Tort Claims Act coverage and eligible to be deemed employees of the Public Health Service for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)) and were acting within the scope of their office and employment.

17. At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of Plaintiff **F.M.**, in Defendant **Urban Health Plan, Inc.**, were agents, servants, and/or employees of Defendant **United States of America.**

18. At all times herein mentioned, Defendant **St. Lawrence Community Health Center** was part of Defendant **United States of America**, located at 1764-1766 Westchester Ave. Bronx, New York 10472-3022.

19. At all times herein mentioned, Defendant **St. Lawrence Community Health Center** operated, managed and was controlled by Defendant **United States of America.**

20. At all times herein mentioned, Plaintiff **F.M.** was a patient of Defendant **St. Lawrence Community Health Center**.

21. At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of Plaintiff **F.M.**, in Defendant **St. Lawrence Community Health Center**, were agents, servants, and/or employees of Defendant **United States of America**.

22. At all times herein mentioned, Defendant **Peninsula Community Health Center** was part of Defendant **Urban Health Plan, Inc.**, located at 1967 Turnbull Ave. Bronx, NY 10473-2519.

23. At all times herein mentioned, Defendant **Peninsula Community Health Center** was a domestic corporation, organized and existing pursuant to the laws of State of New York.

24. At all times herein mentioned, Defendant **Peninsula Community Health Center** operated, managed and was controlled by Defendant **United States of America.**

25. At all times herein mentioned, Plaintiff **F.M.** was a patient of Defendant **Peninsula Community Health Center**.

26. At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of Plaintiff **F.M.**, in Defendant **Peninsula Community Health Center**, were agents, servants, and/or employees of Defendant **United States of America**.

27. At all times herein mentioned, Plaintiff was a patient of Defendant **Children's Hospital at Montefiore** located at 3415 Bainbridge Ave, Bronx, New York 10467.

28. At all times herein mentioned, Defendant **Children's Hospital at Montefiore** was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

29. At all times herein mentioned, Defendant **Children's Hospital at Montefiore** operated, managed and controlled the aforesaid hospital.

30. At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of Plaintiff **F.M.**, in Defendant **Children's Hospital at Montefiore**, were agents, servants, and/or employees of Defendant **Children's Hospital at Montefiore**.

31. At all times herein, Plaintiff **F.M.** was a patient of Defendant **Children's Hospital at Montefiore**.

32. It was the duty of Defendant **Children's Hospital at Montefiore**, to reasonably care for, treat and supervise its patients, including the Plaintiff **F.M.** herein, who sought treatment at or by Defendant **Children's Hospital at Montefiore**.

33. At all times herein mentioned, Defendant **Henkind Eye Institute** was part of Defendant **Children's Hospital at Montefiore** located at 3400 Bainbridge Ave, Bronx, NY 10467.

34. At all times herein mentioned, Defendant **Henkind Eye Institute** was a domestic corporation, organized and existing pursuant to the laws of State of New York.

35. At all times herein mentioned, Defendant **Henkind Eye Institute** operated, managed and was controlled by Defendant **Children's Hospital at Montefiore**.

36. At all times herein mentioned, Plaintiff **F.M.** was a patient of Defendant **Henkind Eye Institute**.

37. At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of Plaintiff **F.M.**, in Defendant **Henkind Eye Institute**, were agents, servants, and/or employees of Defendant **Children's Hospital at Montefiore**.

38. At all times herein mentioned, **Shamiza Ally, M.D.**, was a physician duly licensed to practice medicine in the State of New York.

39. At all times herein mentioned, **Shamiza Ally, M.D.** was an agent, servant and/or employee of Defendant **Urban Health Plan, Inc.,** and Defendant **United States of America**.

40. At all times herein mentioned, Plaintiff **F.M.** was a patient of **Shamiza Ally, M.D.**

41. At all times herein mentioned, **Jean Robert Mevs, M.D.**, was a physician duly licensed to practice medicine in the State of New York.

42. At all times herein mentioned, **Jean Robert Mevs, M.D.,** was an agent, servant and/or employee of Defendant **Urban Health Plan, Inc.,** and Defendant **United States of America**.

43. At all times herein mentioned, Plaintiff **F.M.** was a patient of **Jean Robert Mevs, M.D.**

44. At all times herein mentioned, **Amerha Rafiq, M.D.**, was a physician duly licensed to practice medicine in the State of New York.

45. At all times herein mentioned, **Amerha Rafiq, M.D.** was an agent, servant and/or employee of Defendant **Urban Health Plan, Inc.,** and Defendant **United States of America**.

46. At all times herein mentioned, Plaintiff **F.M.** was a patient of **Amerha Rafiq, M.D**.

47. At all times herein mentioned, **Morris J Osowsky, M.D.**, was a physician duly licensed to practice medicine in the State of New York.

48. At all times herein mentioned, **Morris J Osowsky, M.D.,** was an agent, servant and/or employee of Defendant **Urban Health Plan, Inc.**, and Defendant **United States of America**.

49. At all times herein mentioned, Plaintiff **F.M.** was a patient of **Morris J Osowsky, M.D.**

50. At all times herein mentioned, **Sturlainny Paulino, R.P.A.-C.**, was a registered physician assistant – certified, duly licensed to practice medicine in the State of New York.

51. At all times herein mentioned, **Sturlainny Paulino, R.P.A.-C.** was an agent, servant and/or employee of Defendant **Urban Health Plan, Inc.**, and Defendant **United States of America**.

52. At all times herein mentioned, Plaintiff **F.M.** was a patient of **Sturlainny Paulino, R.P.A.-C.**

53. At all times herein mentioned, **Lonzo L. Smith, F.N.P.**, was a registered family nurse practitioner, duly licensed to practice medicine in the State of New York.

54. At all times herein mentioned, **Lonzo L. Smith, F.N.P.** was an agent, servant and/or employee of Defendant **Peninsula Community Health Center**, and Defendant **United States of America**.

55. At all times herein mentioned, Plaintiff **F.M.** was a patient of **Lonzo L. Smith, F.N.P.**

56. At all times herein mentioned, **Julio Cruz, P.A.-C**, was a certified physician assistant, duly licensed to practice medicine in the State of New York.

57. At all times herein mentioned, **Julio Cruz, P.A.-C** was an agent, servant and/or employee of Defendant **Peninsula Community Health Center**, and Defendant **United States of America**.

58. At all times herein mentioned, Plaintiff **F.M.** was a patient of **Julio Cruz, P.A.-C**.

59. At all times herein mentioned, **Robyn H Deautsch Sokol, M.D.**, **M.P.H.** was a physician and master of public health duly licensed to practice medicine in the State of New York.

60. At all times herein mentioned, **Robyn H Deautsch Sokol, M.D.**, **M.P.H.** was an agent, servant and/or employee of Defendant **St. Lawrence Community Health Center**, and Defendant **United States of America**.

61. At all times herein mentioned, Plaintiff **F.M.** was a patient of Defendant **St. Lawrence Community Health Center**.

62. At all times herein mentioned, **Lilian Santana-Resto, O.D.** was an optometrist duly licensed to practice medicine in the State of New York.

63. At all times herein mentioned, **Robyn H Deautsch Sokol, M.D.**, **M.P.H.** was an agent, servant and/or employee of Defendant **St. Lawrence Community Health Center**, and Defendant **United States of America**.

64. At all times herein mentioned, Plaintiff **F.M.** was a patient of Defendant **St. Lawrence Community Health Center**.

65. At all times herein mentioned, Defendant **Diana King, M.D.**, was a physician duly licensed to practice medicine in the State of New York.

66. At all times herein mentioned, Plaintiff **F.M.** was a patient of Defendant **Diana King, M.D.**

67. At all times herein mentioned, Defendant **Diana King, M.D.**, was an agent, servant and/or employee of Defendant **Children's Hospital at Montefiore**.

68. At all times herein mentioned, Defendant **Sunju Park, M.D.**, was licensed to practice medicine in the State of New York.

69. At all times herein mentioned, Plaintiff **F.M.** was a patient of Defendant **Sunju Park, M.D.**

70. At all times herein mentioned, Defendant **Sunju Park, M.D.** was an agent, servant and/or employee of Defendant **Children's Hospital at Montefiore** and Defendant **Henkind Eye Institute**.

71. At all times herein mentioned, Defendant **Cheng C. Zhand, M.D**. was licensed to practice medicine in the State of New York.

72. At all times herein mentioned, Plaintiff **F.M.** was a patient of Defendant **Cheng C. Zhand, M.D**.

73. At all times herein mentioned, Defendant **Cheng C. Zhand, M.D**. was an agent, servant and/or employee of Defendant **Henkind Eye Institute**.

74. At all times herein mentioned, **Shamiza Ally, M.D.**, **Jean Robert Mevs, M.D.**, **Amerha Rafiq, M.D.**, **Morris J Osowsky, M.D.**, **Sturlainny Paulino, R.P.A.-C.**, **Robyn H Deautsch Sokol, M.D.**, **M.P.H.**, and **Lilian Santana-Resto, O.D.**, were agents servants and/or employees of Defendant **United States of America**, and were deemed eligible for Federal Tort Claims Act Coverage and eligible to be deemed an employee of the Public Health Services for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and were acting within the scope of their respective offices or employment.

75. At all times herein mentioned, Defendants **United States of America**, **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, **The Childrens Hospital at Montefiore**, **Henkind Eye Institute**, **Peninsula Community Health Center**, **Diana King, M.D.**, **Sunju Park, M.D.**, and **Cheng C. Zhand, M.D.**, were agents, servants and/or employees of each other regarding their care, treatment and diagnosis to the Plaintiff **F.M.**

76. At all times herein mentioned, Defendants **United States of America**, **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, **The Childrens Hospital at Montefiore**, **Henkind Eye Institute**, **Peninsula Community Health Center**, **Diana King, M.D.**, **Sunju Park, M.D.**, and **Cheng C. Zhand, M.D.**, were partners in the practice of medicine.

## FIRST CAUSE OF ACTION FOR
## NEGLIGENCE AND/OR MEDICAL MALPRACTICE

77. Plaintiff's repeat, reallege, and reiterate each and every allegation contained in paragraphs 1 through 76, inclusive, with the same force and effect as if hereinafter set forth at length.

78. Beginning on or about May 20, 2015, and continuing thereafter through a continuous period of treatment through and including on or about April 13, 2022, Plaintiff **F.M.** was a patients of, and under the medical care, diagnoses and/or treatment of Defendants **United States of America**, **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, **The Childrens Hospital at Montefiore**, **Henkind Eye Institute**, **Peninsula Community Health Center**, **Diana King, M.D.**, **Sunju Park, M.D.**, **M.D.**, and **Cheng C. Zhand, M.D.**, and/or their agents, servants and/or employees, and during the aforesaid time, and as result of Defendants **United States of America**, **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, **The Childrens Hospital at Montefiore**, **Henkind Eye Institute**, **Peninsula Community Health Center**, **Diana King, M.D.**, **Sunju Park, M.D.**, and **Cheng C. Zhand, M.D.**, and/or their agents, servants and/or employees' carelessness and negligence in failing to properly care for, diagnose and/or treat Plaintiff **F.M.** including, but not limited to, in failing to render timely and/or to render optometry and/or ophthalmology care; in failing to render timely and/or proper pediatric care; in failing to render timely and/or proper medical care; in failing to have proper

supervision of hospital employees and/or affiliated physicians; in failing to promulgate and/or enforce rules, regulations and/or guidelines as to the proper care of Plaintiff's medical conditions then and there existing at the time; in failing to supervise, instruct and/or train its staff nurses and attendings in appropriate and proper care of a patient with the signs, symptoms and complaints made by Plaintiff; in failing to have nurses, residents, interns and/or staff timely and/or properly monitor and/or record the signs, symptoms and/or progress thereof; in failing to properly consider the antenatal, neonatal and/or perinatal course; in failing to appreciate prematurity; in failing to appreciate and/or heed Plaintiff's parents' requests; in failing to appreciate and/or heed Plaintiff's parents' calls for help; and, in failing to diagnose, Plaintiff **F.M.** sustained severe, serious and permanent injuries including, but not limited to, blindness and sequelae thereto, and other severe, serious and permanent injuries.

79. Said occurrences were due to the carelessness and negligence of Defendants Defendants **United States of America**, **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, **The Childrens Hospital at Montefiore**, **Henkind Eye Institute**, **Peninsula Community Health Center**, **Diana King, M.D., Sunju Park, M.D.**, and **Cheng C. Zhand, M.D.**, and/or their agents, servants and/or employees, and during the aforesaid time, and as result of Defendants **United States of America**, **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, **The Childrens Hospital at Montefiore**, **Henkind Eye Institute**, **Peninsula Community Health Center**, **Diana King, M.D., Sunju Park, M.D.**, and **Cheng C. Zhand, M.D.**, and/or their agents, servants and/or employees, in failing to timely and/or diagnose, appreciate, rule out, test for and/or treat

keratoconus to Plaintiff **F.M.** in the accepted and proper medical manner and all without any fault or lack of care of Plaintiff **F.M.**

80. By reason of the foregoing carelessness and negligence of Defendants and/or their agents, servants and/or employees, Plaintiff **F.M.** sustained severe and serious personal injuries, a severe shock to her nervous system, blindness, and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, these injuries are of a permanent and lasting nature, Plaintiff **F.M.** has suffered permanent blindness as a result thereof, and is incapacitated from attending her regular activities, and there was cause to expend sums of money for medical care on her behalf.

81. By reason of the foregoing, Plaintiff, **F.M.** is entitled to compensatory damages from Defendants Defendants **United States of America**, **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, **The Childrens Hospital at Montefiore**, **Henkind Eye Institute**, **Peninsula Community Health Center**, **Diana King, M.D.**, **Sunju Park, M.D.**, and **Cheng C. Zhand, M.D.**, and/or their agents, servants and/or employees, and during the aforesaid time, and as result of Defendants **United States of America**, **Urban Health Plan, Inc.**, **St. Lawrence Community Health Center**, **The Childrens Hospital at Montefiore**, **Henkind Eye Institute**, **Peninsula Community Health Center**, **Diana King, M.D., Sunju Park, M.D.**, and **Cheng C. Zhand, M.D.**, in such sums as a jury would find fair, just and adequate.

82. By reason of the foregoing carelessness and negligence of the Defendants, their agents, servants and/or employees, infant Plaintiff **F.M.** sustained severe and serious personal injuries,  a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information

and belief and these injuries of a permanent and lasting nature; that Plaintiff **F.M.** was confined to her bed, home, and medical institutions as a result thereof, and was incapacitated from performing activities of daily living, and there was caused to be expended sum of money for the medical and hospital care on her behalf.

83. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

84. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1 through 84, inclusive, with the same force and effect as if hereafter set forth at length.

86. Defendants failed to inform Plaintiff **F.M.** of the risks, hazards and alternatives connected with the procedures utilized and treatment rendered so that informed consent could be given.

87. Reasonably prudent persons in Plaintiff **F.M.** or Plaintiff **Teiana Morales** position would not have undergone the procedures utilized and treatment rendered if she had been fully informed of the risks, hazards and alternatives connected with said procedures and treatment.

88. The failure to adequately and fully inform Plaintiff **F.M.** or Plaintiff **Teiana Morales** of the risks, hazards and alternatives of the procedures utilized and treatment rendered is a proximate cause of the injuries that Plaintiff sustained as a result of Defendants' carelessness and negligence.

89. As a consequence of the foregoing, there was no informed consent to the procedures utilized and treatment rendered to Plaintiff.

90. By reason of the foregoing of the Defendants, their agents, servants and/or employees, Plaintiff **F.M.** and Plaintiff **Teiana Morales** sustained severe and serious personal injuries, a severe shock to her nervous system, and was caused to suffer severe mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said plaintiff was confined to her bed, home, and/or various medical institutions as a result thereof, and was incapacitated from attending her regular activities; and there was caused to be expended sums of money for medical and hospital care on her behalf.

91. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

92. This action falls within exceptions to Article 16 of the C.P.L.R.

<u>**AS AND FOR A THIRD CAUSE OF ACTION AS TO**</u>
<u>**FOR LOSS OF SERVICES**</u>

93. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 92, inclusive, with the same force and effect as if hereafter set forth at length.

94. By reasons of the foregoing occurrence and resultant injuries and complications to Plaintiff **F.M.**, Plaintiff **Teiana Morales** has been deprived of the services her daughter, **F.M.**, was unable to work and caused to suffer loss of compensation, and she was caused to become obligated to expend sums of moneys for medical and hospital care on her behalf.

95. By reason of the foregoing carelessness and negligence of the Defendants, their agents, servants and/or employees, infant Plaintiff **F.M.** sustained severe and serious personal

injuries, a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief and these injuries of a permanent and lasting nature; that Plaintiff **F.M.** was confined to her bed, home, and medical institutions as a result thereof, and was incapacitated from performing activities of daily living, and there was caused to be expended sum of money for the medical and hospital care on her behalf.

96. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

97. This action falls within exceptions to Article 16 of the C.P.L.R.

<u>**AS AND FOR A FOURTH CAUSE OF ACTION**</u>
<u>**FOR NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION**</u>
<u>**AS TO UNITED STATES OF AMERICA AND URBAN HEALTH PLAN, INC.**</u>

98. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Verified Complaint marked and designated 1 through 97, inclusive, with the same force and effect as if hereafter set forth at length.

99. Defendants **United States of America** and **Urban Health Plan, Inc.**, prior to the granting or renewing of privileges or employment of **Shamiza Ally, M.D.**, **Jean Robert Mevs, M.D.**, **Amerha Rafiq, M.D.**, **Morris J Osowsky, M.D.**, **Sturlainny Paulino, R.P.A.-C.**, **Robyn H Deautsch Sokol, M.D.**, **M.P.H.**, and **Lilian Santana-Resto, O.D.**, and/or residents, nurses and/or other hospital employees involved in Plaintiff's care, failed to investigate the qualifications, competence, capacity, abilities and/or capabilities of said residents, nurses and/or other hospital employees including, but not limited to, obtaining the following information: patient grievances; negative health care outcomes; incidents injurious to patients; medical malpractice actions commenced against said persons,

16

including the outcomes; any history of association, employment, privilege and/or practice at other institutions, and the discontinuation of said association, employment, privilege and/or practice at said institutions; any pending professional misconduct proceedings in this State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings; and, Defendants **United States of America** and **Urban Health Plan, Inc.** failed to make a sufficient inquiry into the physicians, nurses and/or other hospital employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

100.     Had Defendants **United States of America** and/or **Urban Health Plan, Inc.** made the above stated inquiries or, in the alternative, had Defendants **United States of America** and/or **Urban Health Plan, Inc.**, reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed for said persons rendering treatment.

101.     Defendants **United States of America** and **Urban Health Plan, Inc.**, were also negligent in making rules and regulations for, and failing to supervise, the treatment of Plaintiff **F.M.**

102.     By reason of Defendants **United States of America** and/or **Urban Health Plan, Inc.** failure to meet the aforementioned obligations, Plaintiff was treated by physicians, nurses and/or other hospital employees who were lacking the requisite skills, abilities, competence, capacity and supervision, and as a result of the same, Plaintiff sustained severe injuries and complications.

103.    By reason of the foregoing, Plaintiff, **F.M.** is entitled to compensatory damages from Defendants **United States of America** and/or **Urban Health Plan, Inc.** in such sums as a jury would find fair, just and adequate.

104.    By reason of the foregoing carelessness and negligence of the Defendants, their agents, servants and/or employees, infant Plaintiff **F.M.** sustained severe and serious personal injuries,  a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief and these injuries of a permanent and lasting nature; that Plaintiff **F.M.** was confined to her bed, home, and medical institutions as a result thereof, and was incapacitated from performing activities of daily living, and there was caused to be expended sum of money for the medical and hospital care on her behalf.

105.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

106.    This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION
### AS TO UNITED STATES OF AMERICA AND ST. LAWRENCE COMMUNITY
### HEALTH CENTER.

107.    Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Verified Complaint marked and designated 1 through 106, inclusive, with the same force and effect as if hereafter set forth at length.

108.    Defendants **United States of America** and **St. Lawrence Community Health Center** prior to the granting or renewing of privileges or employment of **Robyn H Deautsch Sokol, M.D.**, **M.P.H.** and **Lilian Santana-Resto, O.D.**, and/or residents, nurses and/or other hospital employees involved in Plaintiff's care, failed to investigate the

qualifications, competence, capacity, abilities and/or capabilities of said residents, nurses and/or other hospital employees including, but not limited to, obtaining the following information: patient grievances; negative health care outcomes; incidents injurious to patients; medical malpractice actions commenced against said persons, including the outcomes; any history of association, employment, privilege and/or practice at other institutions, and the discontinuation of said association, employment, privilege and/or practice at said institutions; any pending professional misconduct proceedings in this State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings; and, Defendants **United States of America** and **St. Lawrence Community Health Center** failed to make a sufficient inquiry into the physicians, nurses and/or other hospital employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

109.     Had Defendants **United States of America** and/or **St. Lawrence Community Health Center** made the above stated inquiries or, in the alternative, had Defendants **United States of America** and/or **St. Lawrence Community Health Center**, reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed for said persons rendering treatment.

110.     Defendants **United States of America** and/or **St. Lawrence Community Health Center** were also negligent in making rules and regulations for, and failing to supervise, the treatment of Plaintiff **F.M.**

111.     By reason of Defendants **United States of America** and/or **St. Lawrence Community Health Center** failure to meet the aforementioned obligations, Plaintiff was

19

treated by physicians, nurses and/or other hospital employees who were lacking the requisite skills, abilities, competence, capacity and supervision, and as a result of the same, Plaintiff sustained severe injuries and complications.

112.      By reason of the foregoing, Plaintiff, **F.M.** is entitled to compensatory damages from Defendants **United States of America** and/or **St. Lawrence Community Health Center** in such sums as a jury would find fair, just and adequate.

113.      By reason of the foregoing carelessness and negligence of the Defendants, their agents, servants and/or employees, infant Plaintiff **F.M.** sustained severe and serious personal injuries,  a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief and these injuries of a permanent and lasting nature; that Plaintiff **F.M.** was confined to her bed, home, and medical institutions as a result thereof, and was incapacitated from performing activities of daily living, and there was caused to be expended sum of money for the medical and hospital care on her behalf.

114.      The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

115.      This action falls within exceptions to Article 16 of the C.P.L.R.

<u>**AS AND FOR A SIXTH CAUSE OF ACTION**</u>
<u>**FOR NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION**</u>
<u>**AS TO UNITED STATES OF AMERICA AND PENINSULA COMMUNITY HEALTH**</u>
<u>**CENTER.**</u>

116.      Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Verified Complaint marked and designated 1 through 115, inclusive, with the same force and effect as if hereafter set forth at length.

117.    Defendants **United States of America** and/or **Peninsula Community Health Center** prior to the granting or renewing of privileges or employment of **Lonzo L. Smith, F.N.P.** and **Julio Cruz, P.A.-C**, and/or residents, nurses and/or other hospital employees involved in Plaintiff's care, failed to investigate the qualifications, competence, capacity, abilities and/or capabilities of said residents, nurses and/or other hospital employees including, but not limited to, obtaining the following information: patient grievances; negative health care outcomes; incidents injurious to patients; medical malpractice actions commenced against said persons, including the outcomes; any history of association, employment, privilege and/or practice at other institutions, and the discontinuation of said association, employment, privilege and/or practice at said institutions; any pending professional misconduct proceedings in this State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings; and, Defendants **United States of America** and/or **Peninsula Community Health Center** failed to make a sufficient inquiry into the physicians, nurses and/or other hospital employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

118.    Had Defendants **United States of America** and/or **Peninsula Community Health Center** made the above stated inquiries or, in the alternative, had Defendant **Peninsula Community Health Center**, reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed for said persons rendering treatment.

119.     Defendants **United States of America** and **Peninsula Community Health Center** were also negligent in making rules and regulations for, and failing to supervise, the treatment of Plaintiff **F.M.**

120.     By reason of Defendants **United States of America** and **Peninsula Community Health Center** failure to meet the aforementioned obligations, Plaintiff was treated by physicians, nurses and/or other hospital employees who were lacking/ the requisite skills, abilities, competence, capacity and supervision, and as a result of the same, Plaintiff sustained severe injuries and complications.

121.     By reason of the foregoing, Plaintiff, **F.M.** is entitled to compensatory damages from Defendants **United States of America** and **Peninsula Community Health Center** in such sums as a jury would find fair, just and adequate.

122.     By reason of the foregoing carelessness and negligence of the Defendants, their agents, servants and/or employees, infant Plaintiff **F.M.** sustained severe and serious personal injuries,  a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief and these injuries of a permanent and lasting nature; that Plaintiff **F.M.** was confined to her bed, home, and medical institutions as a result thereof, and was incapacitated from performing activities of daily living, and there was caused to be expended sum of money for the medical and hospital care on her behalf.

123.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

124.     This action falls within exceptions to Article 16 of the C.P.L.R.

<u>**AS AND FOR A SEVENTH CAUSE OF ACTION**</u>
<u>**FOR NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION**</u>
<u>**AS TO CHILDREN'S HOSPITAL AT MONTEFIORE.**</u>

125.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

those paragraphs of this Verified Complaint marked and designated 1. through 124,

inclusive, with the same force and effect as if hereafter set forth at length.

126.     Defendant **Children's Hospital at Montefiore** prior to the granting or renewing

of privileges or employment of Defendants **Diana King, M.D., Sunju Park, M.D.**, and

**Cheng C. Zhand, M.D**., and/or residents, nurses and/or other hospital employees involved

in Plaintiff's care, failed to investigate the qualifications, competence, capacity, abilities

and/or capabilities of said residents, nurses and/or other hospital employees including, but

not limited to, obtaining the following information: patient grievances; negative health care

outcomes; incidents injurious to patients; medical malpractice actions commenced against

said persons, including the outcomes; any history of association, employment, privilege

and/or practice at other institutions, and the discontinuation of said association,

employment, privilege and/or practice at said institutions; any pending professional

misconduct proceedings in this State, the substance of the allegations in such proceedings

and any additional information concerning such proceedings and the findings of the

proceedings; and, Defendant **Children's Hospital at Montefiore** failed to make a

sufficient inquiry into the physicians, nurses and/or other hospital employees and

institutions which should and did have information relevant to the capacity, capability,

ability and competence of said persons rendering treatment.

127.     Had Defendant **Children's Hospital at Montefiore** made the above stated

inquiries or, in the alternative, had Defendant St. Larence, reviewed and analyzed the

information obtained in a proper manner, employment would not have been granted and/or renewed for said persons rendering treatment.

128.     Defendant **Children's Hospital at Montefiore** was also negligent in making rules and regulations for, and failing to supervise, the treatment of Plaintiff **F.M.**

129.     By reason of Defendant **Children's Hospital at Montefiore** failure to meet the aforementioned obligations, Plaintiff was treated by physicians, nurses and/or other hospital employees who were lacking the requisite skills, abilities, competence, capacity and supervision, and as a result of the same, Plaintiff sustained severe injuries and complications.

130.     By reason of the foregoing, Plaintiff, **F.M.** is entitled to compensatory damages from Defendants **Children's Hospital at Montefiore** in such sums as a jury would find fair, just and adequate.

131.     By reason of the foregoing carelessness and negligence of the Defendants, their agents, servants and/or employees, infant Plaintiff **F.M.** sustained severe and serious personal injuries, a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief and these injuries of a permanent and lasting nature; that Plaintiff **F.M.** was confined to her bed, home, and medical institutions as a result thereof, and was incapacitated from performing activities of daily living, and there was caused to be expended sum of money for the medical and hospital care on her behalf.

132.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

133.     This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### FOR NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION
### AS TO HENKIND EYE INSTITUTE.

134.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

those paragraphs of this Verified Complaint marked and designated 1. through 133,

inclusive, with the same force and effect as if hereafter set forth at length.

135.     Defendant **Henkind Eye Institute** prior to the granting or renewing of privileges

or employment of Defendants **Sunju Park, M.D.**, and **Cheng C. Zhand, M.D**., and/or

residents, nurses and/or other hospital employees involved in Plaintiff's care, failed to

investigate the qualifications, competence, capacity, abilities and/or capabilities of said

residents, nurses and/or other hospital employees including, but not limited to, obtaining

the following information: patient grievances; negative health care outcomes; incidents

injurious to patients; medical malpractice actions commenced against said persons,

including the outcomes; any history of association, employment, privilege and/or practice

at other institutions, and the discontinuation of said association, employment, privilege

and/or practice at said institutions; any pending professional misconduct proceedings in

this State, the substance of the allegations in such proceedings and any additional

information concerning such proceedings and the findings of the proceedings; and,

Defendant **Henkind Eye Institute** failed to make a sufficient inquiry into the physicians,

nurses and/or other hospital employees and institutions which should and did have

information relevant to the capacity, capability, ability and competence of said persons

rendering treatment.

136.     Had Defendant **Henkind Eye Institute** made the above stated inquiries or, in the

alternative, had Defendant **Henkind Eye Institute**, reviewed and analyzed the information

obtained in a proper manner, employment would not have been granted and/or renewed for said persons rendering treatment.

137.     Defendant **Henkind Eye Institute** was also negligent in making rules and regulations for, and failing to supervise, the treatment of Plaintiff **F.M.**

138.     By reason of Defendant **Henkind Eye Institute** failure to meet the aforementioned obligations, Plaintiff was treated by physicians, nurses and/or other hospital employees who were lacking the requisite skills, abilities, competence, capacity and supervision, and as a result of the same, Plaintiff sustained severe injuries and complications.

139.     By reason of the foregoing, Plaintiff, **F.M.** is entitled to compensatory damages from Defendant **Henkind Eye Institute** in such sums as a jury would find fair, just and adequate.

140.     By reason of the foregoing carelessness and negligence of the Defendants, their agents, servants and/or employees, infant Plaintiff **F.M.** sustained severe and serious personal injuries,  a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief and these injuries of a permanent and lasting nature; that Plaintiff **F.M.** was confined to her bed, home, and medical institutions as a result thereof, and was incapacitated from performing activities of daily living, and there was caused to be expended sum of money for the medical and hospital care on her behalf.

141.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

142.     This action falls within exceptions to Article 16 of the C.P.L.R.

upon information and belief and these injuries of a permanent and lasting nature; that Plaintiff **F.M.** was confined to her bed, home, and medical institutions as a result thereof, and was incapacitated from performing activities of daily living, and there was caused to be expended sum of money for the medical and hospital care on her behalf.

141.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

142.     This action falls within exceptions to Article 16 of the C.P.L.R.


**WHEREFORE**, Plaintiffs by their attorneys, **Merson Law, PLLC**, hereby demand judgment against the Defendants in the amount of Forty Million Dollars ($40,000,000.00) compensatory damages for Plaintiffs, together with the costs and disbursements of this action and the interest imposed thereon, and any other relief that this Court deems just and proper.

Dated: New York, New York
         August 16, 2023


                                    **MERSON LAW, PLLC**

By: _____
                                    Jordan K. Merson, Esq.
                                    Attorneys for Plaintiff
                                    950 Third Avenue, 18th Floor
                                    New York, New York 10022
                                    T: (212) 603-9100

27

**Address for Defendants**:

**Urban Health Plan, Inc.**
1065 Southern Blvd.
Bronx NY 10459

**St. Lawrence Community Health Center.**
1764-1766 Westchester Avenue
Bronx, NY 10472

**Children's Hospital at Montefiore**
3415 Bainbridge Avenue
Bronx, NY 10467

**Henkind Eye Institute**
3400 Bainbridge Avenue
Bronx, NY 10467

**Peninsula Community Health Center**
1967 Turnbull Avenue
Bronx, New York 10473

**Diana King, M.D.,**
1468 Williams Bridge Rd
Bronx, NY 10461

**Sunju Park, M.D.**
3415 Bainbridge Avenue
Bronx, NY 10467

**Cheng C. Zhand, M.D.**
3400 Bainbridge Avenue
Bronx, NY 10467