UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
F.M., et al.,

                                   Plaintiffs,                         23-cv-7357 (PKC)

                 -against-                           OPINION AND ORDER

UNITED STATES OF AMERICA, et al.,

                                 Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.,

           Plaintiffs F.M., a minor, and Teiana Morales, her mother and natural guardian, have brought claims against defendant the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, in connection with medical treatment that they allege was provided to F.M. from approximately May 20, 2015, to April 13, 2022, at certain federal health care facilities. The United States has moved for partial dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(1) to the extent they impose liability beyond May 2019. The United States argues that F.M.'s and Morales's Standard Form 95 ("SF 95") administrative claim submitted to the Department of Health and Human Services ("HHS") prior to filing suit failed to adequately "present" their claims based on treatment provided to F.M. after May 2019, a jurisdictional predicate.

BACKGROUND

           F.M. and Morales assert claims for negligence and/or medical malpractice, as well as loss of services, against the United States under the FTCA.[1]  They also assert claims for

---

[1] The parties have stipulated to dismissal with prejudice of claims for lack of informed consent and negligent hiring, supervision, and/or retention against the United States, as well as of all claims against Urban Health Plan, Inc., St.

negligence and/or medical malpractice, loss of services, and lack of informed consent against

non-moving defendants The Children's Hospital at Montefiore, Henkind Eye Institute, Sunju

Park, M.D., and Diana King, M.D., as well as claims for negligent hiring, supervision, and/or

retention against The Children's Hospital at Montefiore and Henkind Eye Institute.  F.M. and

Morales allege that throughout "a continuous period of treatment" from approximately May 20,

2015, to April 13, 2022, defendants failed to properly care for and diagnose F.M.'s eye

condition, leading to permanent injuries such as blindness.  (Compl., ECF 2 ¶ 78.)  Morales

alleges that, as a result, she was deprived the services of her daughter, lost compensation by

being unable to work, and incurred medical costs.  (Id. ¶ 94.)

        On May 17, 2022, HHS received a SF 95 administrative claim submitted by F.M.

and Morales.  (Decl. of Robert H. Murphy in Support of Def.'s Mot. ("Murphy Decl.") Ex. A,

ECF 47-1.)  The SF 95 identified the date and day of accident as "2014-2019, discovered May 3,

2022."  (Id. at 2.)  It informed HHS that the basis of the claim was a "[f]ailure to diagnose

[F.M.'s] Keratoconus[2] and/or repeated misdiagnosis of [F.M.'s] Keratonus [sic] from

approximately 2014 through approximately April or May of 2019."  (Id.)  The SF 95 added that

"El Nuevo San Juan and its agents, servants and/or employees failed to appreciate [F.M.'s]

symptoms, improperly prescribed medication and failed to diagnose Keratocunus [sic]" and that

"[w]hen [F.M.] was diagnosed with Keratonus [sic] on or about May 3, 2022, it had caused

irreparable damage to her eyes including a substantial loss of vision and risk for complete

blindness."  (Id.)  The SF 95 also stated that Morales had suffered a loss of services.  (Id.)

---

Lawrence Community Health Center, and Peninsula Community Health Center, entities deemed to be part of the
"Public Health Service" and originally named as defendants.  (ECF 54 at 1-2.)

[2] Keratoconus "is an eye condition in which your cornea—the clear, dome-shaped front of your eye—gets thinner
and gradually bulges outward into a cone shape."  https://www.mayoclinic.org/diseases-
conditions/keratoconus/symptoms-causes/syc-20351352 (last accessed Nov. 17, 2024).

The following month, HHS sent a letter to plaintiffs' counsel acknowledging receipt of the SF 95 and describing the claim as alleging that "from approximately 2014 through approximately April or May of 2019, medical providers at El Nuevo San Juan/Simpson Pavilion (Urban Health Plan) . . . failed to properly evaluate, examine, and treat keratoconus, resulting in damage to [F.M.'s] eyes including substantial loss of vision and risk for complete blindness." (Murphy Decl. Ex. B, ECF 47-2 at 1.)  HHS requested supporting documentation in the form of, among other things, "any inpatient and outpatient private medical records" related to the allegations.  (Id.)  F.M. and Morales provided such records on July 15, 2022.  (Murphy Decl. Ex. C, ECF 47-3 at 1.)  On March 22, 2023, HHS sent a second letter to plaintiffs' counsel denying the administrative claim.  (Murphy Decl. Ex. D, ECF 47-4 at 2.)  That letter again described the claim as "regarding medical care that [F.M.] received from employees of Urban Health Plan, Inc., from approximately 2014 through April or May of 2019."  (Id.)

F.M. and Morales filed this action on August 22, 2023.  The United States now moves for partial dismissal of the claims against it pursuant to Fed. R. Civ. P. 12(b)(1) to the extent they extend liability beyond May 2019, on the ground that F.M. and Morales failed to adequately present their claims based on medical treatment that occurred between May 2019 and April 2022 to HHS.

DISCUSSION

Legal Standard for a Motion to Dismiss

The United States has moved to partially dismiss the claims against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving a motion under Rule 12(b)(1), "a district court . . . may refer to evidence

outside the pleadings." Id.  A plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.  Id.

The FTCA's Presentment Requirement

The FTCA provides a limited waiver of the United States' sovereign immunity from suit, subject to the "jurisdictional prerequisite" that a tort claim "shall not be instituted . . . against the United States for money damages . . . unless the claimant shall have first *presented* the claim to the appropriate Federal agency" for that agency's review.  Collins v. United States, 996 F.3d 102, 109 (2d Cir. 2021) (quoting 28 U.S.C. § 2675(a)).  This jurisdictional presentment requirement "serve[s] the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims."  Romulus v. U.S., 160 F.3d 131, 132 (2d Cir. 1998) (per curiam).  Dismissal for lack of subject matter jurisdiction is appropriate when presentment is inadequate. See id.

The Second Circuit has held that the presentment requirement is "one of notice, not proof."  Collins, 996 F.3d at 110.  This means that "[a]n FTCA claimant must provide the appropriate agency with sufficient notice of [her] claim to permit the agency to conduct an inquiry into the merits of [her] demand for compensation."  Id.  "[T]he mere act of filing a SF 95 does not necessarily fulfill the presentment requirement."  Romulus, 160 F.3d at 132.  It is the information contained therein, or provided by other means such as substantiating evidence, that must be "sufficiently detailed" to allow "the agency to conduct an investigation and then to estimate the value of the claim."  Collins, 996 F.3d at 114.

F.M. and Morales Have Satisfied the FTCA's Presentment Requirement

Having closely reviewed F.M.'s and Morales's SF 95, the Court concludes that it contained sufficient information to enable HHS to investigate its potential liability for F.M.'s medical treatment beyond May 2019.  F.M.'s and Morales's administrative claim was largely

premised on the "[f]ailure to diagnose" or "repeated misdiagnosis" of F.M.'s Keratoconus. (Murphy Decl. Ex. A, ECF 47-1 at 2.)  It is true that the SF 95 identified a discrete time period during which these alleged misdiagnoses took place: approximately 2014 to April or May 2019. (Id.)  But it also made clear that F.M.'s Keratoconus was finally diagnosed on May 3, 2022.  (Id.) This later date was critical in providing HHS with the requisite notice because it signaled to the agency that, from approximately April or May 2019 to May 2022, F.M.'s eye condition continued to be misdiagnosed.  In other words, the SF 95 put HHS on notice that there was an ongoing failure on the part of F.M.'s medical providers to correctly diagnose her Keratoconus from about 2014 to May 2022.  In turn, HHS had the opportunity to conduct a "reasonably thorough investigation" of the administrative claim, which would have included a review of F.M.'s medical treatment at the federal health care facilities for the entirety of that period.[3] Johnson ex rel. Johnson v. United States, 788 F.2d 845, 849 (2d Cir. 1986), overruled on other grounds, Sheridan v. United States, 487 U.S. 392 (1988).

Relying on Franz v. U.S., 414 F. Supp. 57 (D. Ariz. 1976), the United States argues that when a plaintiff's administrative claim focuses on a particular timeframe, they are subsequently barred from asserting claims in an FTCA complaint related to conduct outside that timeframe.  In Franz, the plaintiff filed an administrative claim with the Air Force alleging a negligent failure to diagnose her husband's cancer in 1969 and 1970.  Id. at 58.  Her complaint, however, also alleged negligent acts from February 1, 1971, to July 27, 1972.  Id.  Because the administrative claim made no mention of negligence that had taken place after that February

---

[3] The parties do not raise the issue of what medical records were available to HHS beyond the private records that plaintiffs provided to the agency on July 15, 2022.  The fact that an agency had additional information such as internal records already in its possession when investigating its potential liability has been found to support a determination that sufficient information was provided.  See, e.g., Collins, 996 F.3d at 112.  Because the Court does not have adequate information concerning the July 15 submission, it forms no part of the Court's decision.

date, the court determined that the plaintiff's additional claims had not been adequately

presented. Id. at 58-59. Franz is readily distinguishable from the present case. While the

plaintiff in Franz cabined her administrative claim solely to the years 1969 and 1970—thus

providing the Air Force with no indication of continuing negligence beyond that period—F.M.

and Morales provided HHS with the diagnosis date of May 3, 2022, which indicated a continued

misdiagnosis of F.M.'s Keratoconus after May 2019. Their complaint does not now go beyond

that timeframe in alleging that medical malpractice took place until April 13, 2022. (Compl.,

ECF 2 ¶ 78.)

   The information included in F.M.'s and Morales's SF 95 is more akin to that

provided by the claimant in Collins to the United States Postal Service ("USPS"). After being

struck by a USPS truck, the claimant filed a SF 95 that did not rely on "conclusory statements"

and instead contained "not only the date, time, and precise location of the collision, but also the

name of the USPS employee involved and a narrative of the relevant events." Collins, 996 F.3d

at 112. The Second Circuit concluded that this information was enough for USPS to investigate

its potential liability. Id. Similarly, here, the SF 95 provided the full time period during which

F.M.'s Keratoconus went undiagnosed, alleged that this failure was on the part of El Nuevo San

Juan and its staff, and detailed both the nature of the misdiagnosis and the consequences to F.M.

and Morales. (Murphy Decl. Ex. A, ECF 47-1 at 2.)

   The United States also contends that it did not receive adequate notice because

F.M. and Morales did not clarify to HHS that they were seeking liability for F.M.'s medical

treatment beyond May 2019 after receiving two letters from the agency characterizing the

relevant timeframe as ending on that date. In light of the sufficiently detailed information

contained in F.M.'s and Morales's SF 95, there was no requirement that they put HHS on notice of their claim yet again.

CONCLUSION

> The Court concludes that F.M. and Morales have satisfied the FTCA's presentment requirement with respect to their claims alleging liability from May 20, 2015, to April 13, 2022. Accordingly, the United States' motion for partial dismissal for lack of subject matter jurisdiction is denied.

> SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        November 22, 2024